UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No.  5:22-cv-02128-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

This Title VII employment action is brought by pro se Plaintiff Ann Redd-Oyedele ("Plaintiff") against her employer, Defendant Santa Clara County Office of Education ("SCCOE"), and two SCCOE employees, Defendants Stephanie Gomez and Marissa Perry (collectively, "Individual Defendants").  Plaintiff asserts one claim for Title VII race discrimination and one claim for "Conspiracy to Abridge Civil Rights as Enshrined in the US Constitution" arising out of Defendants' decision to promote other employees instead of Plaintiff, allegedly on account of Plaintiff's race.

Defendants move to dismiss the Complaint on various grounds such that the only remaining claim would be the Title VII claim against the SCCOE ("Motion").  Plaintiff has opposed the motion, primarily by relying on the Ninth Circuit's decision in *Flores v. City of Westminster*, 873 F.3d 739 (9th Cir. 2017).  Having considered the parties' submissions and liberally construing Ms. Redd-Oyedele's Complaint, the Court GRANTS Defendants' Motion.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
1

## I.  BACKGROUND

### A.  Parties and Facts

Ms. Redd-Oyedele is an African American graduate of San Jose State University. Compl. ¶¶ 4–5. She is currently a Senior Advisor within the SCCOE's District Business and Advisory Services ("DBAS") department, where she has worked since June 1991. Compl. ¶ 5; *see also id.*, Ex. B ("EEOC Charge"), ECF No. 1-1, at 5. Ms. Redd-Oyedele alleges that, over the past 32 years, she has been promoted twice and, for the past decade, has been the only Black employee in the DBAS department. *Id.* ¶¶ 6, 34.

Defendant Santa Clara County Office of Education provides educational, advisory, and financial services to school districts within Santa Clara County. *Id.* ¶ 11. Defendant Stephanie Gomez is the Chief Business Officer at SCCOE and is responsible for the DBAS department, general services, purchasing services, internal business services, accounting services, budget office, payroll services, and risk management. *Id.* ¶ 16. Defendant Marissa Perry is the SCCOE Director of Human Resources and Classified Personnel Services. She is responsible for employee benefits, employment services, live scan services, HR administrative services, substitute services, workforce development and organizational culture, and unemployment insurance. *Id.* ¶ 22.

Around May or June 2021, Ms. Redd-Oyedele applied for an "Interim Director III" position within the DBAS department. *Id.* ¶ 24. She was interviewed by Defendant Gomez and learned a day later that she was not selected. *See* EEOC Charge 1. The interim position was filled by another candidate, Susan Ady, who is white, does not have a degree, and has been working at the SCCOE for a shorter period than Ms. Redd-Oyedele has. *Id.*; *see also* EEOC Charge 1–2.

In August 2021, Ms. Redd-Oyedele applied for a similar but permanent position, "Director III" of the DBAS department. *Id.* ¶ 25. She was interviewed by a panel that included Defendant Perry. EEOC Charge 1. After the initial interview, Defendant Perry emailed Ms. Redd-Oyedele informing her that she had passed the panel interview as the top ranked candidate and would be moving on to a second-round interview. Compl. ¶ 27, Ex. A, ECF No. 1-1. The second-round interview was conducted by three people, including Defendant Gomez. EEOC Charge 2.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS

2

1   Ultimately, the permanent position was again filled by Ms. Susan Ady. *Id.* ¶ 25. Defendant
2   Gomez subsequently informed Plaintiff that she did not receive the position because she had "no
3   leadership skills." *Id.* ¶ 32(g).

### B. EEOC Charge

On January 11, 2022, Ms. Redd-Oyedele filed charges with the Equal Employment Opportunity Commission ("EEOC") against the SCCOE alleging Title VII violations. Compl. ¶ 28; *see generally* EEOC Charge. In the EEOC Charge, Ms. Redd-Oyedele indicated that she was discriminated by the SCCOE between June 2021 and August 2021 on the basis of race, color, and for retaliation. EEOC Charge 1.

After she filed the EEOC Charge, Ms. Redd-Oyedele received a notice letter from the California Department of Fair Employment and Housing ("DFEH"), indicating that the DFEH would not be initiating an investigation into the matter. Compl. ¶ 29, Ex. C. The letter also provided notice of Ms. Redd-Oyedele's "Right to Sue," permitting her to bring a civil action against the SCCOE in California state court. *Id.*

On February 16, 2022, Ms. Redd-Oyedele received a similar letter from the U.S. Department of Justice ("DOJ"), Civil Rights Division, indicating that the EEOC would not be investigating the charge and the DOJ would not be filing a lawsuit. Compl. ¶ 30, Ex. D. The letter also informed Ms. Redd-Oyedele of her right to bring a Title VII action against the SCCOE.

### C. Procedural History

On April 4, 2022, Plaintiff filed the present Complaint pro se against the SCCOE, Stephanie Gomez, and Marissa Perry. Her Complaint asserts two claims: (1) Violation of Title VII; and (2) Conspiracy to Abridge Civil Rights as Enshrined in the U.S. Constitution. Compl. 1. The Complaint does not specify against which Defendant each claim is asserted.

In terms of relief, from the SCCOE only, the Complaint requests a permanent injunction "from engaging in the unlawful conduct alleged [] and any other employment practice which discriminates on the basis of race or color," as well as back pay, compensatory damages for Plaintiff and other African American employees, non-pecuniary damages for Plaintiff, punitive

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
3

damages, and costs. Compl. 8–9. Additionally, the Complaint seeks from all three Defendants "to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to rightful-place job assignments." *Id.*

Defendants filed this motion to dismiss on April 29, 2022, which was fully briefed on May 18, 2022. The Court took the Motion under submission without hearing on November 23, 2022.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court also has a "duty to ensure that pro se litigants do not lose their right to a hearing . . . due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Accordingly, pro se pleadings are "liberally construed, particularly where civil rights claims are involved." *Id.* However, pro se plaintiffs "must follow the same rules of procedure that govern other litigants," and the Court may not "supply essential elements of the claim that were not initially pled." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III. DISCUSSION

Defendants move to dismiss the Complaint on Rules 12(b)(1) and 12(b)(6) grounds, requesting dismissal on all issues except for the Title VII claim against the SCCOE. They argue that the Title VII claim may not be maintained against the Individual Defendants because Ms. Redd-Oyedele did not name either individual on her EEOC Charge and that Title VII cannot be brought against individuals. Defendants also seek dismissal of the Complaint's second

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
4

conspiracy-related claim against all Defendants based on Eleventh Amendment sovereign immunity, as well as being fatally vague and failing to meet state notice requirements. Finally, they seek to dismiss the Complaint's prayer for class action damages and punitive damages. The Court addresses each argument in sequence.

### A. Title VII Claim – Individual Defendants

#### 1. Administrative Exhaustion

Defendants first argue that Ms. Redd-Oyedele's Title VII claim against the Individual Defendants fails for lack of subject matter jurisdiction because the EEOC Charge did not allege specific wrongdoing by either Individual Defendant. Mot. 4–5. Ms. Redd-Oyedele responds that she is permitted to bring suit for claims that are "like or reasonably related" to the claims asserted in her EEOC charge. Opp. 5.

Before filing suit on a Title VII employment discrimination claim, a plaintiff must exhaust her administrative remedies by filing a timely and sufficient charge with the appropriate administrative agency and obtaining a right-to-sue letter from the agency. *See* 42 U.S.C. § 2000e-5(f). Although Defendants suggests that the EEOC Charge delineates the Court's subject matter jurisdiction, the Supreme Court has held that "Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019) (emphasis added). The Court accordingly considers Defendants' exhaustion argument under Rule 12(b)(6) for failure to state a claim instead of Rule 12(b)(1) for lack of subject matter jurisdiction.

Title VII suits may be brought against defendants not named in the EEOC charge "as long as they were involved in the acts giving rise to the EEOC claims" or "where the EEOC or defendants themselves 'should have anticipated' that the claimant would name those defendants in a Title VII suit." *Sosa v. Hiraoka*, 920 F.2d 1451, 1459 (9th Cir. 1990) (citing *Wrighten v. Metropolitan Hosp.*, 726 F.2d 1346, 1352 (9th Cir. 1984)).

Here, both Individual Defendants were specifically mentioned in the events as alleged in the EEOC Charge. The EEOC Charge alleged that Defendant Gomez was the Chief Business

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS

5

Officer and had interviewed Ms. Redd-Oyedele on both occasions when she had applied for—and was denied—the Director III openings. EEOC Charge 1–2. The EEOC Charge also specifically noted that Defendant Perry was on the panel that interviewed Ms. Redd-Oyedele for the permanent Director III position. *Id.* Given that the EEOC Charge expressly named both Individual Defendants and alleged that they were each involved in the interview process that ultimately denied Ms. Redd-Oyedele the promotions, the Court finds that both Defendants "were involved in the acts giving rise" to Ms. Redd-Oyedele's EEOC Charge.

Accordingly, the Title VII claim is not precluded against the Individual Defendants for failure to allege specific wrongdoing in the EEOC Charge.

### 2. Title VII Liability for Individuals

Defendants also move to dismiss the Title VII claim against Individual Defendants on the basis that individuals may not be held liable for damages under Title VII. Mot. 5–6. Ms. Redd-Oyedele responds that she may seek punitive damages from the Individual Defendants,[1] as the plaintiffs did in *Flores v. City of Westminster*, 873 F.3d 739 (9th Cir. 2017), in which three police officers successfully sued their city and various police chiefs under 42 U.S.C. § 1981 and Title VII. Opp. 5. Defendants do not address Ms. Redd-Oyedele's citation to *Flores* in their reply.

Under controlling Ninth Circuit law, Title VII may only be brought against employers, not co-employees. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993); *see also Ortez v. Washington Cnty., State of Or.*, 88 F.3d 804, 808 (9th Cir. 1996) (affirming dismissal "because employees cannot be held liable in their individual capacities under Title VII" despite finding district court erred in its administrative exhaustion findings). Courts have also interpreted *Miller* to bar Title VII injunctive relief against individual employees. *Ames v. City of Novato*, 2016 WL 6024587, at *3 (N.D. Cal. Oct. 14, 2016) (noting that "the Ninth Circuit seems to have extended this principle to bar all individual liability under Title VII, regardless of the relief sought"); *Mun v.*

---

[1] The Complaint is somewhat inconsistent as to whether Ms. Redd-Oyedele is seeking punitive damages against the Individual Defendants. She noticeably does not request punitive damages from the Individual Defendants in the Complaint's prayer. Compl. 9. In this Order, the Court assumes that Ms. Redd-Oyedele is *not* seeking damages against Individual Defendants.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
6

*Univ. of Alaska at Anchorage*, 2005 WL 846205, at *2 (D. Alaska Apr. 4, 2005) (concluding that "injunctive relief against individual employees is not available under Title VII").

Defendants are correct—Title VII does not impose liability on individual employees, only employers. Here, the Complaint alleges that both Individual Defendants were employees of SCCOE, who are sued both "in an official and in an individual capacity." Compl. ¶¶ 14–17; 20–23. Accordingly, per the well-established Ninth Circuit law discussed above, only the SCCOE may be sued under Title VII, not the Individual Defendants. *See, e.g.*, *Miller*, 991 F.2d at 587. Indeed, Ms. Redd-Oyedele should be familiar with this legal principle, given that Judge van Keulen had recently dismissed with prejudice another Title VII claim in a separate case that Ms. Redd-Oyedele had asserted against an individual SCCOE employee. *Redd-Oyedele v. SCCOE*, No. 20-CV-00912-SVK, 2020 WL 4732343, at *5 (N.D. Cal. Aug. 14, 2020) (granting dismissal because "an individual defendant cannot be held liable for damages under Title VII"). Likewise, here, Ms. Redd-Oyedele may not maintain her Title VII claim against the Individual Defendants in their personal individual capacities.

To the extent Ms. Redd-Oyedele seeks to sue the Individual Defendants for Title VII injunctive relief in their *official* capacities, such relief would be duplicative of the Title VII claim against the SCCOE, which Defendants have not requested dismissed in the present Motion. "An official capacity suit against a municipal officer is equivalent to a suit against the entity. When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (internal citations omitted). In other words, Ms. Redd-Oyedele may not maintain her Title VII claim against the Individual Defendants in their official capacities because she is already suing their governmental employer, SCCOE, on the same claim.

Ms. Redd-Oyedele's reliance on *Flores v. City of Westminster* is unfortunately misplaced because, in that case, the employment discrimination claims against the individual police chiefs were brought under another statute (42 U.S.C. § 1981) and specifically not under Title VII. 873

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
7

1  F.3d 739 (9th Cir. 2017). In fact, consistent with the case law discussed above, the one Title VII

2  claim raised by the *Flores* plaintiffs was asserted only against the City of Westminster, not the

3  individual police chiefs. *See* Second Am. Compl. ¶¶ 59–61, *Flores v. City of Westminster*, No.

4  8:11-cv-00278-DOC (C.D. Cal. Nov. 26, 2012), ECF No. 35. The specific claims and which

5  Defendant they are directed at is somewhat unclear in the Complaint, but it appears that Ms. Redd-

6  Oyedele is only attempting to assert a Title VII claim, not a § 1981 claim. *See* Compl. ¶¶ 32(d)

7  ("Defendants continued to engage in discrimination against Plaintiff . . . in violation of section

8  703(a) of Title VII"); 32(i) ("[Individual Defendants], while acting in concert, conspired to engage

9  in racial discrimination against Plaintiff. . . in violation of Title VII."). As a result, the facts and

10 claims in the *Flores* case are different from those here and, therefore, does not support Ms. Redd-

11 Oyedele's argument to maintain Title VII claims against the two Individual Defendants.

12 Accordingly, Defendants' Motion to Dismiss is GRANTED on the grounds that Title VII

13 does not impose liability on individual employees. Because this is an issue of law, Ms. Redd-

14 Oyedele would not be able to amend her Complaint to avoid this bar. The Title VII Claim is,

15 therefore, DISMISSED WITHOUT LEAVE TO AMEND as to the Individual Defendants.

### B.      Conspiracy Claim – All Defendants

Defendants move to dismiss Ms. Redd-Oyedele's second claim for "Conspiracy to Abridge Civil Rights as Enshrined in the US Constitution" against all Defendants based on Eleventh Amendment immunity and the Complaint's failure to state a claim. Mot. 6–8. Ms. Redd-Oyedele responds to each of these arguments with a single sentence each, requesting the Court to reject Defendants' assertions on these arguments. Opp. 6. In particular, she submits that the Individual Defendants are not entitled to Eleventh Amendment immunity "due to pervasive, intentional, extremely cruel, and sub-human acts." *Id.*

The Court will liberally construe a complaint filed by a pro se plaintiff but "may not supply essential elements of the claim that were not initially pled." *Ivey*, 673 F.2d at 268. Here, the Complaint alleges a conspiracy to abridge constitutional and civil rights but does not mention what specific rights were violated, which the Court will refer to as the "Conspiracy Claim."

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS

8

1. **Eleventh Amendment Immunity**

Defendants argue that—whatever form it may take—the Conspiracy Claim is precluded by Eleventh Amendment sovereign immunity that protects both SCCOE and Individual Defendants in their official capacity[2] from suit unless the immunity has been abrogated or waived. Mot. 7–8.

To start, there can hardly be any dispute that SCCOE and its employees acting in official capacity are generally entitled to Eleventh Amendment immunity because the Ninth Circuit has already determined that the Eleventh Amendment shields the SCCOE. *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007) (holding that a *qui tam* action against the SCCOE was barred by the Eleventh Amendment). Similarly, in Ms. Redd-Oyedele's prior case against the SCCOE, Judge van Keulen also accorded Eleventh Amendment immunity to the SCCOE and dismissed a state tort claim without leave to amend. 2020 WL 4732343, at *6–7.

With respect to the SCCOE, the Court cannot interpret the Complaint to make out a cognizable Conspiracy Claim against the SCCOE, despite its best efforts to liberally construe the pleadings. Because the SCCOE is protected from suit per the Eleventh Amendment and the Ninth Circuit decision in *Stoner*, it may only be sued under very specific circumstances, namely where Congress has unequivocally expressed an intent to abrogate Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). The Court is not aware of any abrogation applicable to the allegations asserted by here Ms. Redd-Oyedele nor of any abrogation arising from "pervasive, intentional, extremely cruel, and sub-human acts and adverse actions." Opp. 6. Moreover, the Complaint does not attribute any acts of conspiratorial activity to SCCOE; only the Individual Defendants are alleged to have engaged in such activity. *See* Compl. ¶ 32(i)–(k). The Court also may not assume or supply any further facts to Ms. Redd-Oyedele's claim that were not initially pled. *See Ivey*, 673 F.2d at 268. Accordingly, the Court finds that the SCCOE continues to be protected by Eleventh Amendment immunity from the Conspiracy Claim and DISMISSES the Conspiracy Claim against the SCCOE WITHOUT LEAVE TO AMEND.

---

[2] The Eleventh Amendment does not immunize the Individual Defendants from suits in their personal capacity. *Hafer v. Melo*, 502 U.S. 21, 29 (1991).

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS

9

With respect to Individual Defendants in their official capacity, however, the Eleventh Amendment analysis is more nuanced.  First, as a general matter, "Eleventh Amendment immunity also extends to an officer of a state agencies sued in her official capacity." *Redd-Oyedele*, 2020 WL 4732343, at *7 (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). However, the doctrine of *Ex parte Young* provides a well-recognized exception to Eleventh Amendment immunity that permits certain claims to proceed against state officials in their official capacity,[3] specifically "claims seeking prospective injunctive relief . . . to remedy a state's ongoing violation of federal law." *Arizona Students' Ass'n* ("ASA") *v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (citing *Ex parte Young*, 209 U.S. 123, 149–56 (1908)).  In determining whether the doctrine of *Ex parte Young* applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002).  In *ASA*, the Ninth Circuit also required that plaintiffs "identify a practice, policy, or procedure that animates the constitutional violation at issue." 824 F.3d at 865 (citing *Hafer*, 502 U.S. at 25).

Defendants, to their credit, acknowledge that injunctive relief is available against individuals in their official capacity under *Ex parte Young*.  Mot. 8 (citing *ASA*, 824 F.3d at 865). They argue, however, that the Complaint has not identified "a practice, policy, or procedure that animates the constitutional violation at issue."  Mot. 8 (quoting *ASA*, 824 F.3d at 865).

The Court is not so sure.  When construed liberally, the Complaint appears to allege several facts that—if accepted as true as the Court must—could evince a practice, policy, or procedure for the purposes of *Ex parte Young*.  Specifically, the Complaint alleges:

- "Defendants have engaged in a pattern and practice of systemic racism against Plaintiff due to Plaintiff's race" (Compl. ¶ 32);

---

[3] "The *Ex parte Young* exception applies only when the plaintiff names an individual state official," and does not apply to claims brought against the state entity or instrumentality (*e.g.*, the SCCOE) unless the state waives Eleventh Amendment immunity. *Doe v. Regents of the Univ. of California*, 891 F.3d 1147, 1154 n.6 (9th Cir. 2018).

Case No.:   5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
10

- "Defendants engaged in a pattern and practice of race discrimination . . . by denying Plaintiff promotional opportunities" (*id.* ¶ 32(h));
- Defendants "engaged in a pattern and practice of discrimination by . . . stunt[ing] or truncat[ing] the normal career progression of Plaintiff and other similarly situated African Americans" (*id.* ¶ 33);
- Ms. Redd-Oyedele "has been the only Black employee of [SCCOE's DBAS] department and Internal Business Services, for the last decade" (*id.* ¶ 34); and
- Defendants "fail[ed] to put proper effective policies in place to prevent racial discrimination" (*id.* ¶ 37).

With respect to the other *Ex parte Young* requirements, the Complaint does appear to seek prospective equitable relief from the Individual Defendants in their official capacity—indeed, it is the *only* relief the Complaint seeks from them. *See* Compl. 9 (praying for the Individual Defendants "to make whole Plaintiff by providing the affirmative relief necessary to eradicate the effects of their unlawful practices, including but not limited to rightful-place job assignments"). The requested relief language is admittedly somewhat ambiguous, but the Court finds that, with some liberal construction, it could be referring to some form of injunctive relief. The specified relief ("rightful-place job assignments") is forward-facing and, by contrast, the Complaint unambiguously requests damages when referring to the SCCOE. Compl. 8–9; *cf. Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 842 (9th Cir. 1997) (holding that "reinstatement [of plaintiff as a physicist] is a legitimate request for prospective injunctive relief"). It also seems fairly apparent to the Court that Ms. Redd-Oyedele is seeking redress for a constitutional violation of her Equal Protection rights under the Fourteenth Amendment, even though the Complaint does not expressly invoke a specific constitutional right. *See* Compl ¶ 36 (alleging the Individual Defendants "participated in the deprivation or abridgment of Plaintiff's constitutional rights, to wit, right to equal employment opportunities"). However, whether this is sufficient to state an "ongoing violation of federal law" under *Ex parte Young* will be addressed in the following section. *Verizon Maryland*, 535 U.S. at 645.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
11

The Court finds that the Complaint's allegations, when accepted as true and liberally construed in Ms. Redd-Oyedele's favor, may satisfy many of the *Ex parte Young* exception to Eleventh Amendment immunity for prospective relief. Accordingly, if Ms. Redd-Oyedele can allege an ongoing violation of federal law, then Eleventh Amendment sovereign immunity would not bar the Conspiracy Claim as asserted against the Individual Defendants in their official capacity for prospective injunctive relief.

### 2. Failure to State a Claim

Having determined that the Eleventh Amendment does not completely bar the Conspiracy Claim against the Individual Defendants, the Court proceeds to consider whether the Complaint has sufficiently alleged an "ongoing violation of federal law" for the final required showing under *Ex parte Young*. *Verizon Maryland*, 535 U.S. at 645.

Defendants argue that the Complaint is impermissibly vague as to the Conspiracy Claim but, by any measure, fails to state a claim for conspiracy. Mot. 6–7. They correctly point out that the Conspiracy Claim is not rooted in any specific statute or provision of the Constitution, alleging generally that the two Individual Defendants acted in concert and agreed to deny Ms. Redd-Oyedele promotional opportunities. Mot. 6; *see also* Compl. ¶ 32(i)–(k). Although the failure to articulate a legal or statutory basis for relief would typically doom a complaint drafted by counsel, the Court must afford Ms. Redd-Oyedele's pro se Complaint the benefit of any doubt. *See Rupert*, 68 F. Supp. 3d at 1149 n.2. And here, based on the Complaint's allegations that the Individual Defendants were conspiring to discriminate against Ms. Redd-Oyedele by denying her promotional opportunities, the Court believes the Complaint may be attempting to assert a conspiracy claim under either 42 U.S.C. § 1983 for deprivation of civil rights or § 1985(3) for conspiracy to deprive equal protection of the laws.

To establish a conspiracy claim under § 1983, plaintiffs must show "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). For conspiracy claims under § 1985(e), the elements are

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
12

similar but ultimately different: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017) (quoting *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000)).

As presently drafted, the Complaint does not completely state a claim for relief under either statute. The only references in the Complaint to "conspiracies" allege that the Individual Defendants "conspired to engage in racial discrimination against Plaintiff by agreeing to deny promotional opportunities to Plaintiff . . . agreeing to deny Plaintiff equal employment opportunity with the SCCOE . . . [and] schemed to hire [] a white candidate." Compl. ¶ 32(i)–(k). However, the Complaint's "mere allegation of conspiracy without factual specificity is insufficient." *Del Conte v. Cnty. of Santa Clara*, 2016 WL 3916315, at *4 (N.D. Cal. July 20, 2016) (quoting *Karim-Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 626 (9th Cir. 1988)).

For instance, there are no allegations that the two Individual Defendants were acting *together*—i.e., conspiring—to deny Ms. Redd-Oyedele the promotion. Although the EEOC Charge alleges that Defendant Gomez and Defendant Perry both interviewed Ms. Redd-Oyedele, they had done so in separate interview panels and with five other interviewers. EEOC Charge 1–2. The Complaint also does not contain any allegations that Defendant Perry had taken an "act in furtherance of the conspiracy" to deny Ms. Redd-Oyedele the promotions, other than a recitation of Ms. Perry's general job responsibilities. To the contrary, Ms. Perry was the person who informed Ms. Redd-Oyedele that she had received the top score in the first round of interviews. Compl., Ex. A. In short, Ms. Redd-Oyedele must provide more facts and details as to why she believes Ms. Gomez and Ms. Perry had an agreement or conspiracy to discriminate against Ms. Redd-Oyedele on account of her race.[4]

---

[4] In identifying §§ 1983 and 1985(3), the Court does not mean to suggest these are the only statutes by which Ms. Redd-Oyedele can seek relief nor that she must assert one of these claims. However, regardless of what statute or basis for relief Ms. Redd-Oyedele elects to pursue in a future amended complaint, the Court strongly encourages that she specifically articulate the statute or legal basis for her claim. Not only is this required by Federal Rule of Civil Procedure 8(a)(2), vaguely postulated grievances are neither fair to the Defendants nor helpful to the Court.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
13

1    The Court accordingly finds that the Complaint is insufficiently pled to state a claim for

2 conspiracy to deprive constitutional rights. Accordingly, even though the Conspiracy Claim may

3 satisfy other elements of *Ex parte Young* and would otherwise not be barred by the Eleventh

4 Amendment, the Complaint fails to state a basis for granting the injunctive relief.

### 3. Claim Filing Requirements

6    Finally, the Court briefly addresses Defendants' argument to dismiss the Conspiracy Claim

7 for failing to meet the claim-filing requirement in the California Government Code. Defendants

8 argue that, because Ms. Redd-Oyedele did not mention a conspiracy in her EEOC Charge or

9 otherwise file a claim, she may not sue the SCCOE and its public employees. Mot. 6–7 (citing

10 Cal. Gov. Code §§ 911.2(a), 945.4, 950.2.

11    The Court finds that the Government Code's claim presentation requirements do not apply

12 to the Conspiracy Claim. Defendants are correct that the California Government Code requires

13 plaintiffs to allege that they had complied with the claim-filing requirements before filing *state* tort

14 claims against a public entity and its employees. Mot. 6–7 (citing Cal. Gov. Code §§ 945.4,

15 950.2). However, the Conspiracy Claim does not purport to assert a state tort claim; it is

16 specifically seeking to enforce "Civil Rights as Enshrined in the *US Constitution*." Compl. 1.

17 And it is "well settled that state notice of claim provisions are inapplicable to § 1983 actions,"

18 which—as discussed above at Section III(C)(2)—are the type of claims the Court infers is alleged

19 in the Complaint. *Bos. v. Kitsap Cnty.*, 852 F.3d 1182, 1185 (9th Cir. 2017); *see also Robinson v.*

20 *Ayala*, 2020 WL 8474754, at *3 (C.D. Cal. Dec. 21, 2020) (rejecting defendant's argument that §

21 1983 claims were barred because plaintiff had not served a tort claim on the agency under Cal.

22 Gov. Code § 945.4).

23    Accordingly, to the extent the Conspiracy Claim seeks to vindicate Ms. Redd-Oyedele's

24 rights under the U.S. Constitution, it is not subject to the claim-filing strictures of § 945.4.

25                                        * * *

26    In sum, the Court holds that the Eleventh Amendment shields the SCCOE from liability for

27 the Conspiracy Claim and DISMISSES the Claim WITHOUT LEAVE TO AMEND against it.

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
14

With respect to the Conspiracy Claim against Individual Defendants, the Court finds that, although the Conspiracy Claim meets most of the elements under *Ex parte Young*, it does not contain sufficient factual allegations to state a claim for conspiracy under either 42 U.S.C. §§ 1983 or 1985(3). Furthermore, to the extent that Ms. Redd-Oyedele seeks to vindicate her federal constitutional rights, she does not need to allege that she complied with the claim presentation requirements of Cal. Gov. Code. § 945.4. Because the Court finds that the Complaint's deficiencies arise from insufficient factual allegations, permitting Ms. Redd-Oyedele to amend her Complaint would not be futile. Accordingly, the Conspiracy Claim against the Individual Defendants is DISMISSED WITH LEAVE TO AMEND.

### C. Class and Punitive Damages

Finally, Defendants move to dismiss the portions of the Complaint's prayer seeking relief on behalf of "other affected African American employees" and punitive damages against the SCCOE. Mot. 9. Ms. Redd-Oyedele responds that a "general, one-time, generational relief" should be awarded to all similarly situated persons "[d]ue to the pervasive and continuing nature of racial prejudice against Plaintiff and other Black employees at the SCCOE." Opp. 6. Additionally, she asserts that punitive damages are permissible due to *Flores v. City of Westminster*, 873 F.3d 739. Defendants are correct on both counts.

The Complaint does not purport to be bringing a class action against the Defendants nor does the Complaint make any attempt to comply with the requirements of Federal Rule of Civil Procedure 23 that governs class action complaints. Fed. R. Civ. P. 23(a)–(b). Accordingly, Defendants' Motion on this issue is GRANTED. That said, there is no reason why Ms. Redd-Oyedele—perhaps with assistance of counsel—may not attempt to bring a class action complaint in a future amended complaint. Therefore, the Complaint's request for damages on behalf of "other affected African American employees" is DISMISSED WITH LEAVE TO AMEND.

Defendants also correctly point out that public entities are not liable for punitive damages. Mot. 9 (citing Cal. Gov. Code § 818). As the Ninth Circuit reasoned in *Westlands Water Dist. v. Amoco Chem. Co.*, "to allow punitive damages against a public entity would punish the general

Case No.: 5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS

15

public, which is the group ultimately intended to be benefited by the punishment." 953 F.2d 1109, 1113 (9th Cir. 1991) (upholding the constitutionality of Cal. Gov. Code § 818).  Ms. Redd-Oyedele's citation to *Flores* does not support punitive damages against the SCCOE, because punitive damages were not awarded against the City of Westminster; they were only awarded against the individual defendants.  *See* Order on Final Judgment After Jury Verdict, *Flores v. City of Westminster*, Case No. 8:11-cv-00278-DOC (C.D. Cal. Aug. 11, 2014), ECF No. 247.  With respect to the Individual Defendants here, the Complaint does not seek punitive damages against those defendants.  Compl. 9.  Accordingly, Defendants' Motion on punitive damages is GRANTED; the prayer for punitive damages against the SCCOE is DISMISSED WITHOUT LEAVE TO AMEND.

## IV.     CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED as follows: (1) the Title VII claim is DISMISSED WITHOUT LEAVE TO AMEND as to the Individual Defendants; (2) the Conspiracy Claim is DISMISSED WITHOUT LEAVE TO AMEND as to the SCCOE; (3) the Conspiracy Claim is DISMISSED WITH LEAVE TO AMEND as to the Individual Defendants; (4) the Complaint's prayer for class damages against the SCCOE is DISMISSED WITH LEAVE TO AMEND; and (5) the Complaint's prayer for punitive damages against the SCCOE is DISMISSED WITHOUT LEAVE TO AMEND.

Plaintiff shall file any amended complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: March 31, 2023.

EDWARD J. DAVILA
United States District Judge

Case No.:  5:22-cv-02128-EJD
ORDER GRANTING MOTION TO DISMISS
16