UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 22-cv-02128-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 27 |

Pro se Plaintiff Ann Redd-Oyedele ("Plaintiff") brought this Title VII employment action against her employer, Defendant Santa Clara County Office of Education ("SCCOE"), and two SCCOE employees, Defendants Stephanie Gomez and Marissa Perry (collectively, "Individual Defendants"). Plaintiff's original complaint asserted one claim for Title VII race discrimination and one claim for "Conspiracy to Abridge Civil Rights as Enshrined in the US Constitution" arising out of Defendants' decision to promote other employees instead of Plaintiff, allegedly on account of Plaintiff's race. Compl., ECF No. 1.

On March 31, 2023, the Court granted Defendants' Motion to Dismiss the Complaint ("MTD Order"). *See* MTD Order, ECF No. 25. Plaintiff filed a First Amended Complaint on April 20, 2023. First Am. Compl. ("FAC"), ECF No. 26. The FAC assert four claims: (1) violation of Title VII under 42 U.S.C. § 2000(e) against SCCOE, (2) violation of Equal Protection rights under the Fourteenth Amendment against all Defendants, (3) conspiracy to deprive civil rights under 42 U.S.C. § 1983 against the Individual Defendants, and (4) conspiracy "to deprive Equal Protection of the Laws" under 42 U.S.C. § 1985(3) against the Individual

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
1

1   Defendants.  *See* FAC.

2   Now pending before the Court is the Individual Defendants' Motion to Dismiss the First

3   Amended Complaint (the "Motion") on various grounds such that the only remaining claims

4   would be the Title VII claim and Equal Protection violation claim against the SCCOE.  *See* Mot.,

5   ECF No. 27.  The Motion was fully briefed on May 25, 2023.  Having considered the parties'

6   submissions and liberally construing Ms. Redd-Oyedele's FAC, the Court GRANTS Defendants'

7   Motion with leave to amend.

## I.      BACKGROUND

### A.      Factual Allegations

Unless otherwise specified, the following allegations are drawn from the FAC.

#### 1.      The Parties and Ms. Redd-Oyedele's Employment

Ms. Redd-Oyedele is an African American graduate of San Jose State University. FAC ¶¶ 3–4.  Plaintiff was employed within the SCCOE's District Business and Advisory Services ("DBAS") department since June 1991.  *Id.* ¶ 5.  Ms. Redd-Oyedele alleges that, over the past 32 years, she has been promoted twice and, for the past decade, has been the only Black employee in the DBAS department.  *Id.* ¶¶ 6, 44.

Defendant Santa Clara County Office of Education provides educational, advisory, and financial services to school districts within Santa Clara County.  *Id.* ¶ 11.  Defendant Stephanie Gomez is the Chief Business Officer at SCCOE and is responsible for the DBAS department, general services, purchasing services, internal business services, accounting services, budget office, payroll services, and risk management.  *Id.* ¶ 16.  Defendant Marissa Perry is the SCCOE Director of Human Resources and Classified Personnel Services.  *Id.* ¶ 21.  She is responsible for classified personnel services, employee benefits, employment services, live scan services, HR administrative services, substitute services, workforce development and organizational culture, and unemployment insurance.  *Id.* ¶ 22.

Around May or June 2021, Ms. Redd-Oyedele applied for an "Interim Director III" position within the DBAS department.  *Id.* ¶ 24.  Plaintiff was not selected, and the interim

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
2

1    position was filled by another candidate, Susan Ady, who is white and has been working at the

2    SCCOE for a shorter period than Ms. Redd-Oyedele has. *Id.*

3           In August 2021, Ms. Redd-Oyedele applied for a similar but permanent position, "Director

4    III" of the DBAS department. *Id.* ¶ 25. After Ms. Redd-Oyedele was interviewed, Defendant

5    Perry informed her that she had passed the panel interview as the top ranked candidate. *Id.* ¶ 28;

6    *see also* Decl. of Ann Redd-Oyedele ("Redd-Oyedele Decl.") ¶ 8, ECF No. 26-1. Ultimately, the

7    permanent position was again filled by Ms. Susan Ady. FAC ¶ 27. Defendant Gomez

8    subsequently informed Plaintiff that she did not receive the position because she had "no

9    leadership skills." *Id.* ¶ 37.

### 2.     EEOC Charge

11           On January 11, 2022, Ms. Redd-Oyedele filed charges with the Equal Employment

12    Opportunity Commission ("EEOC") against the SCCOE alleging Title VII violations. FAC ¶ 29;

13    *see generally* Ex. B to Compl. ("EEOC Charge")[1], ECF No. 1-1, at 5. In the EEOC Charge, Ms.

14    Redd-Oyedele indicated that she was discriminated against by the SCCOE between June 2021 and

15    August 2021 on the basis of race, color, and for retaliation. EEOC Charge 1. After she filed the

16    EEOC Charge, Ms. Redd-Oyedele received a notice letter from the California Department of Fair

17    Employment and Housing ("DFEH"), indicating that the DFEH would not be initiating an

18    investigation into the matter. FAC ¶ 29, Ex. C, ECF No. 26-7. The letter also provided notice of

19    Ms. Redd-Oyedele's "Right to Sue," permitting her to bring a civil action against the SCCOE in

20    California state court. *Id.* On February 16, 2022, Ms. Redd-Oyedele received a similar letter from

21    the U.S. Department of Justice ("DOJ"), Civil Rights Division, indicating that the EEOC would

22    not be investigating the charge, and the DOJ would not be filing a lawsuit. FAC ¶ 30, Ex. B, ECF

23    No. 26-5. The letter also informed Ms. Redd-Oyedele of her right to bring a Title VII action

24    against the SCCOE.

---

[1] It appears Plaintiff inadvertently failed to attach the EEOC Charge to the FAC, so the Court will refer to the EEOC Charge filed with the original Complaint. Ex. B to Compl., ECF No. 1-1.

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
3

United States District Court
Northern District of California

### B. Procedural History

On April 4, 2022, Plaintiff filed the original Complaint pro se against the SCCOE, Stephanie Gomez, and Marissa Perry. The complaint asserted two claims: (1) Violation of Title VII; and (2) Conspiracy to Abridge Civil Rights as Enshrined in the U.S. Constitution. Compl. 1. The Court granted Defendants' motion to dismiss the complaint on March 31, 2023. ECF No. 25.

The FAC, filed on April 20, 2023, asserts four claims as outlined above. The Individual Defendants filed the instant Motion on May 4, 2023. Mot., ECF No. 27. Plaintiff filed an opposition on May 18, 2023, and the Individual Defendants filed a reply on May 25, 2023. *See* Opp., ECF No. 31; Reply, ECF No. 32. The Court took the Motion under submission without oral argument on July 7, 2023.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court also has a "duty to ensure that pro se litigants do not lose their right to a hearing . . . due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Accordingly, pro se pleadings are "liberally construed, particularly where civil rights claims are involved." *Id.* However, pro se plaintiffs "must follow the same rules of procedure that govern other litigants," and the Court may not "supply essential elements of the claim that were not initially pled." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1153 (N.D. Cal. 2014); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
4

## III. DISCUSSION

The Individual Defendants move to dismiss the FAC on Rules 12(b)(1) and 12(b)(6) grounds, requesting dismissal on all claims except for the Title VII claim and the Equal Protection violation claim against the SCCOE. The Individual Defendants argue that Plaintiff failed to plead an ongoing violation of federal law, and they are therefore entitled to Eleventh Amendment immunity for Plaintiff's second (violation of equal rights), third (conspiracy to deprive civil rights), and fourth (conspiracy to deprive equal protection) causes of action. Mot. 2. The Individual Defendants also argue that Plaintiff's third and fourth causes of action fail to state a claim for conspiracy because Plaintiff "did not provide facts or details as to why or how [the Individual Defendants] had an agreement or conspiracy to discriminate against Plaintiff on the basis of race." *Id.*

The Court addresses each argument below.

### A. Eleventh Amendment Immunity

The Individual Defendants first argue that the equal protection and conspiracy claims against them should be dismissed because Plaintiff sued the Individual Defendants in their official capacity, and they are therefore entitled to Eleventh Amendment immunity. Mot. 3. As an initial matter, the Court notes that Ms. Redd-Oyedele's second claim, which alleges generally a "violation of Equal Protection Rights under the Fourteenth Amendment" is not a cognizable claim on its own. *See* FAC 1. Although only the third and fourth claims are expressly brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(5), respectively, the Court will construe the second claim to be brought under the § 1983 framework permitting a private right of action for constitutional violations. *See Maney v. Brown*, 91 F.4th 1296, 1302 (9th Cir. 2024) (quoting *Stilwell v. City of Williams*, 831 F.3d 1234, 1240 (9th Cir. 2016) (Title 42 U.S.C. § 1983 "is a mechanism for vindicating federal statutory or constitutional rights.").

In the prior order granting Defendants' motion to dismiss, this Court explained that "if Ms. Redd-Oyedele can allege an ongoing violation of federal law, then Eleventh Amendment sovereign immunity would not bar the Conspiracy Claim as asserted against the Individual

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
5

1  Defendants in their official capacity for prospective injunctive relief." MTD Order 9–12
2  (discussing Eleventh Amendment immunity). The Individual Defendants contend that, having
3  failed to do so, Plaintiff's claims against them should be dismissed once again. Mot. 2.

In response, Plaintiff argues that the Individual Defendants "have engaged in a pattern and practice of systemic discrimination against Plaintiff and other black past and current employees." Opp. 6. Beyond just the allegations in the FAC, Plaintiff supports this position through several declarations of "other concerned ex-employees" who have "expressed displeasure at these ongoing violations of Federal Laws, to wit, racial discrimination." *Id.*

Regarding the declarations attached the FAC, the Individual Defendants argue that the Court should not consider them because doing so "would necessarily require the consideration of contents outside the four corners of the Complaint." Mot. 3. In reviewing the sufficiency of a complaint, the Court is limited "to the complaint itself," but also "its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *see also Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964, n. 6 (9th Cir. 2014) (on motions to dismiss for failure to state a claim, courts "generally consider exhibits attached to a complaint and incorporated by reference to be part of the complaint"). The Court finds it proper to consider the exhibits attached to the FAC as allegations the Court must accept as true.

Although sovereign immunity bars money damages and other retrospective relief against a state or instrumentality of a state, it does not bar claims seeking prospective injunctive relief against state officials to remedy a state's ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123, 149–56 (1908). The *Ex parte Young* doctrine allows individuals to pursue claims against a state for prospective equitable relief, including any measures ancillary to that relief. *Arizona Students' Ass'n ("ASA") v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).

To determine whether the *Ex parte Young* doctrine is applicable, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
6

federal law and seeks relief properly characterized as prospective.'"[2] *Verizon Md., Inc. v. Public Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002). "[T]he plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue." *ASA*, 824 F.3d at 865 (plaintiff's identification of the Arizona Board of Regents' "changes to its fee-collection policies" was a sufficient source of ongoing violation of federal law); *see also Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 724 (9th Cir. 2022) (genuine issue of material fact existed as to whether school district's "ongoing policy barring future field trips" was sufficient ongoing violation of federal law); *see also Los Molinos Mut. Water Co. v. Ekdahl*, No. 21-CV-01961-DADD, 2023 WL 6386898, at *18 (E.D. Cal. Sept. 29, 2023) (finding allegation of California Department of Fish and Wildlife's "ongoing failure to maintain fish ladders" sufficient to state an ongoing violation of federal law).

Turning to whether Plaintiff has alleged an ongoing violation of federal law as to the Individual Defendants, the FAC contains the following relevant allegations:

- "[All Defendants] have engaged in a pattern of denying Plaintiff and other Black skinned African Americans equal employment opportunities, by failing to promote Plaintiff and other similarly situated African American employees" (FAC ¶ 61);
- "The [Individual] Defendants are liable in their official capacities for this claim, due to an ongoing and continuing violation of Federal Laws, pursuant to *Arizona Student's Ass'n ('ASA') v. Arizona Board of Regents*, 824 F.3d 858, 865, (9th Cir. 2016)" (*id.* ¶ 63);
- "The Defendants put in place policies, training materials and manuals that had the primary motivation of depriving Plaintiff of civil rights, to wit equal employment opportunities like similarly situated White or fairer skin-colored employees of the

---

[2] Although not raised by the Individual Defendants in their motion to dismiss, the Court is skeptical that it can grant the relief Plaintiff seeks as to the Individual Defendants. In the Prayer for Relief, Plaintiff wishes to restrain all Defendants "from any and all actions or omission, causing or resulting into continuing violations of Federal Equal Protection laws, under the Fourteenth Amendment, US Constitution or under any other Federal Laws." FAC, Prayer for Relief.

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
7

SCCOE" (*id.* ¶ 64);

- "The [Individual] Defendants put in place policies, business operations materials and manuals that had the primary motivation of depriving Plaintiff of civil rights, to wit equal employment opportunities like similarly situated White or fairer skin-colored employees of the SCCOE" (*id.* ¶ 66);

- "Between May and August 2021, the [Individual] Defendants, while acting under the coloration of state actors, engaged in acts or omissions geared towards deprivation of Plaintiff's civil rights, in violation of 42 U.S.C., SS 1983" (*id.* ¶ 68);

- "The [Individual] Defendants, deliberately and while acting in concert, failed to control or properly supervise their subordinates and or acquiescence in the unlawful deprivations of Plaintiff's civil rights and or were reckless or indifferent to Plaintiff's civil rights" (*id.* ¶ 74).

In addition to the allegations in the FAC, the declarations attached to the FAC allege additional, relevant facts the Court must accept as true at this stage. For example, former SCCOE employee Jennifer Del Bono stated that she "observed a lack of hiring protocols that perpetuated systemic racism" and "a pattern of favoritism." Decl. of Jennifer Del Bono ("Del Bono Decl.") ¶ 10, ECF No. 26-13. Former SCCOE employee Patricia Blanson also stated that she "was subjected to a pervasive pattern and practice of discrimination due to [her] race." Decl. of Patricia Blanson ("Blanson Decl.") ¶ 11, ECF No. 26-11; *see also* Declaration of Marilyn DeRouen ("DeRouen Decl.") ¶ 10 (same), ECF No. 26-15.

Defendants contend that this Court should follow *Collins* and find the above allegations insufficient to state an ongoing violation of federal law. There, the plaintiff, an elected Commissioner on the San Francisco School Board was "removed from her titular role as Vice-President and from membership on all committees by a School Board resolution." *Collins v. San Francisco Unified Sch. Dist.*, No. 21-CV-02272-HSG, 2021 WL 3616775, at *1 (N.D. Cal. Aug. 16, 2021). The plaintiff brought a complaint against SFUSD and the individually named board members for violations of her rights under the Constitution. *Id.* The court dismissed the

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS

8

1  complaint as to the individual defendants in their official capacity because plaintiff had not alleged
2  an ongoing violation of federal law—rather, she only alleged "a past violation of federal law
3  caused by discrete past actions." *Id.* at \*3. Because the plaintiff did not explain "how the
4  resolution that removed her from her position as Vice President constitutes an ongoing violation of
5  federal law," the court dismissed the claim. *Id.* In so holding, the court explained that plaintiff's
6  complaint failed to state any "alleged practice, policy, or procedure" of defendants that "animates
7  the constitution violation at issue." *Id.*

8  Similarly here, Plaintiff's allegations seem to center on discrete past actions—the
9  Individual Defendants' failure to hire her for the Interim Director and Director III positions.
10  While the FAC does allege that "Defendants put in place policies, business operations materials
11  and manuals that had the primary motivation of depriving Plaintiff of civil rights," the complained
12  of "policies, business operations materials and manuals," pertain to the Individual Defendants'
13  specific failure to select Plaintiff for the roles she applied for. FAC ¶ 66.

14  The submitted declarations also describe an alleged pattern of discrimination. However,
15  just as the allegations in the FAC, the declarants describe how the complained of "pattern and
16  practice of discrimination" applied to past experiences of those declarants. *See* Blanson Decl.
17  ¶ 11; Del Bono Decl. ¶¶ 9–10; Derouen Decl. ¶¶ 10–11. They do not describe how what they
18  experienced constitutes an *ongoing* violation of federal law.

19  Plaintiff must also allege that the policies or procedures at issue "played a part in the
20  violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). On this point, Plaintiff alleges
21  that the "policies, business operations materials and manuals" had the "primary motivation of
22  depriving Plaintiff of civil rights." FAC ¶ 66. Again, this allegation relates to the alleged
23  deprivation of Plaintiff's civil rights for failing to hire Ms. Redd-Oyedele.

24  Unlike the alleged policies courts have found sufficient to bring a claim under *Ex parte*
25  *Young*, Plaintiff identifies no specific policy or procedure sufficient to allege an *ongoing* violation
26  of federal law beyond allegations relating to (1) Defendants' failure to select her for certain job
27  roles and (2) the declarants' past experiences. *See ASA*, 824 F.3d at 865 (relevant alleged ongoing

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
9

violation was Arizona Board of Regents' "changes to its fee-collection policies"); *Riley's Am. Heritage Farms*, 32 F.4th at 724 (relevant alleged ongoing violation was school district's "ongoing policy barring future field trips"); *Los Molinos Mut. Water Co.*, 2023 WL 6386898, at *18 (relevant alleged ongoing violation was California Department of Fish and Wildlife's "ongoing failure to maintain fish ladders").

Accordingly, even construed liberally, the Court finds that the FAC's allegations are insufficient to plead an ongoing violation of federal law within the meaning of *Ex parte Young*.

### B. Conspiracy Claims

Because Plaintiff has not sufficiently alleged an ongoing violation of federal law, Plaintiff's conspiracy claims as asserted against the Individual Defendants in their official capacity are barred by Eleventh Amendment sovereign immunity. But because the Court will grant leave to amend to allow Plaintiff the opportunity to plead additional facts, the Court will consider whether the FAC has sufficiently stated a claim for conspiracy against the Individual Defendants. The Plaintiff should review the below analysis as guidance should she choose to amend.

In the MTD Order, the Court found that the Complaint did not sufficiently state a claim for relief under § 1983 or §1985(3). MTD Order 13. In particular, the Court explained that Ms. Redd-Oyedele "must provide more facts and details as to why she believes Ms. Gomez and Ms. Perry had an agreement or conspiracy to discriminate against Ms. Redd-Oyedele on account of her race." *Id.*

The Individual Defendants argue Plaintiff has not done so. Although Plaintiff has alleged additional statements regarding the conspiracy claim, the Individual Defendants contend that those statements are conclusory and lack any factual support. Mot. 5. Plaintiff responds that because "[t]he nature of conspiracies is mostly secretive," "more facts would come to light in this case, in the course of discovery." Opp. 7.

To establish a conspiracy claim under § 1983, Plaintiff must show "(1) the existence of an express or implied agreement among the defendant officers to deprive [her] of [her] constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *Avalos v.*

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
10

*Baca*, 596 F.3d 583, 592 (9th Cir. 2010). For conspiracy claims under § 1985(e), the elements are similar but ultimately different: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury." *I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017) (quoting *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000)).

This Court's prior order identified deficiencies with Plaintiff's complaint. Namely, there were no allegations "that the two Individual Defendants were acting together—*i.e.*, conspiring—to deny Ms. Redd-Oyedele the promotion" and "that Defendant Perry had taken an 'act in furtherance of the conspiracy' to deny Ms. Redd-Oyedele the promotions, other than a recitation of Ms. Perry's general job responsibilities." MTD Order 13.

In support of her conspiracy claim under § 1983, Plaintiff alleges that the Individual Defendants "while acting in concert," "agreed, and schemed, to cause and effected the deprivation and abridgement of Plaintiff's civil rights" (FAC ¶ 69); "covertly and overtly, participated in the deprivation or abridgement of Plaintiff's civil rights" (*id.* ¶ 72); and "while acting in concert, failed to control or properly supervise their subordinates and or acquiescence in the unlawful deprivations of Plaintiff's civil rights and or were reckless or indifferent to Plaintiff's civil rights" (*id.* ¶ 73).

In support of her conspiracy claim under § 1985(e), Plaintiff alleges that the Individual Defendants "colluded, either covertly or overtly, to deprive Plaintiff of Equal protection" (*id.* ¶ 78); "gathered at a location yet to be identified and agreed to install a White candidate into the vacant Director III, DBAS position, at the SCCOE" (*id.* ¶ 79); "[a]fter this agreement by these parties, a predetermined person, [Ms. Gomez], was chosen to affect this conspiracy" (*id.* ¶ 80); "[t]hereafter, [Ms. Gomez] pre-selected the oral board panel that interviewed candidates for the position of Director III, DBAS" (*id.* ¶ 81); and Ms. Perry "was acting out the plan between the [Individual Defendants] to scuttle the hiring or promotion of a Black person into the vacant position" (*id.* ¶ 83). Nearly all of these allegations appear to be mere legal conclusions. Even drawing inferences in the light most favorable to Plaintiff, the FAC lacks enough non-conclusory

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
11

facts at this stage to sufficiently state a plausible claim for conspiracy to deprive constitutional rights.

As identified above, the FAC now purports to include statements the Court previously found were missing. Specifically, the FAC alleges that the two Individual Defendants were "acting in concert," "colluded," and "gathered at a location yet to be identified" (*see, e.g.*, FAC ¶¶ 69, 73, 78–79) and that the Individual Defendants "took acts in furtherance of the conspiracy" to deny Ms. Redd-Oyedele the promotions (*see, e.g.*, id. ¶¶ 86, 88). Other than the vague allegation that the Individual Defendants "gathered at a location to be identified," these are all conclusory without factual support that are not sufficient to withstand a motion to dismiss. *Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss").

Accordingly, even if Plaintiff had sufficiently alleged an ongoing violation of federal law, her conspiracy claims would fail at this stage because she has not sufficiently alleged facts to support her conspiracy claims under §§ 1983 and 1985(e). Because it is not yet clear that further amendment would be futile, the Court will provide Plaintiff an additional opportunity for amendment. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (a district court may dismiss without leave to amend if "amendment would be futile"). In any amended complaint, Plaintiff should supply additional factual allegations beyond mere conclusions.

## IV. CONCLUSION

Based on the foregoing, the Individual Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff shall file any amended complaint within 21 days of this Order.

**IT IS SO ORDERED.**

Dated: March 15, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 22-cv-02128-EJD
ORDER GRANTING DEFS.' MOTION TO DISMISS
12