UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANN GERTHELIA REDD-OYEDELE,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 22-cv-02128-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; TERMINATING AS MOOT MOTION TO STRIKE**<br><br>Re: ECF Nos. 36, 37 |

Pro se Plaintiff Ann Redd-Oyedele ("Plaintiff") brings this employment discrimination action against her employer, Defendant Santa Clara County Office of Education ("SCCOE"), and two SCCOE employees in their official capacity, Defendants Stephanie Gomez and Marissa Perry ("Individual Defendants") (collectively, "Defendants"). Second Am. Compl. ("SAC"), ECF No. 35. Before the Court are Defendants' motions to dismiss Plaintiff's Second Amended Complaint ("SAC") and to strike count three from the SAC. Mot. to Dismiss, ECF No. 36; Mot. to Strike, ECF No. 37. These motions are fully briefed. Opp'n to Mot. to Dismiss and Mot. to Strike, ECF No. 38; Reply in Supp. of Mot to Dismiss, ECF No. 39; Reply in Supp. of Mot. to Strike, ECF No. 40. Upon careful consideration of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b).

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss and **TERMINATES AS MOOT** Defendants' motion to strike.

I.   **BACKGROUND**

Plaintiff, an employee in the SCCOE's District Business and Advisory Services

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

1

1   Department who identifies as African American or Black, alleges that Defendants are

2   discriminating against her on the basis of race and color by repeatedly rejecting her applications

3   for promotions and instead promoting less-qualified white and fair-skinned candidates. *See* SAC.

4   The Court summarized in greater detail Plaintiff's essential allegations in its previous Orders and

5   need not repeat those here. *See* First Order Granting Mot. to Dismiss ("First Order"), ECF No. 25;

6   Second Order Granting Mot. to Dismiss ("Second Order"), ECF No. 34.

7   Plaintiff asserts five claims in the SAC: (1) violation of Title VII under 42 U.S.C. §

8   2000(e) against SCCOE; (2) violation of Equal Protection rights under the Fourteenth

9   Amendment[1] against all Defendants; (3) violation of the California Fair Employment and Housing

10  Act ("FEHA") against SCCOE; (4) conspiracy to deprive civil rights under 42 U.S.C. § 1983

11  against Individual Defendants; and (5) conspiracy "to deprive Equal Protection of the Laws" under

12  42 U.S.C. § 1985(3) against Individual Defendants. *See* SAC.

13  This is Defendants' third motion to dismiss Plaintiff's complaint for failure to state a

14  claim. The Court granted Defendants' two prior motions to dismiss with leave to amend several

15  claims ("First Order" and "Second Order") (collectively, "Prior Orders"). The Court's Second

16  Order made two general findings relevant to the present motion. First, the Court found that

17  Plaintiff failed to allege ongoing conduct sufficient to overcome Eleventh Amendment immunity

18  as to Individual Defendants in counts two, four, and five.[2] *See* Second Order 5–10. Second, the

19  Court found that Plaintiff failed to plead facts sufficient to state a claim of conspiracy in counts

20  four and five. *Id.* at 10–12. Plaintiff's claim against the SCCOE under FEHA in count three is a

21  new claim that the Court had not examined in its Prior Orders.

22  Defendants' present motion to dismiss argues that Plaintiff failed to cure the deficiencies

23  identified in the Court's Prior Orders. Defendants also bring a motion to strike count three,

---

[1] The Court will construe count two as being brought under the 42 U.S.C. § 1983 framework permitting a private right of action for constitutional violations. *See Maney v. Brown*, 91 F.4th 1296, 1302 (9th Cir. 2024).

[2] Counts four and five appeared as counts three and four respectively in the FAC.

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

2

arguing that Plaintiff improperly included this new claim in the SAC without leave from the Court.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," which requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But still, even pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong" and how they are entitled to relief. *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

If the court concludes that a Rule 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III.   DISCUSSION

Defendants seek dismissal on the following grounds: (1) Individual Defendants have Eleventh Amendment immunity for counts two, four, and five because the SAC still does not allege ongoing conduct pursuant to *Ex parte Young*, 209 U.S. 123, 149–56 (1908); (2) the SCCOE

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

3

has Eleventh Amendment immunity for count three because California has not waived its immunity to FEHA suits in federal court; and (3) counts four and five still fail to state a claim for conspiracy against Individual Defendants. Defendants do not challenge count one or count two as pled against the SCCOE.

### A. Eleventh Amendment Immunity as to Individual Defendants in Counts Two, Four, and Five

As the Court has recited in its Prior Orders, although Eleventh Amendment immunity bars money damages and other retrospective relief against a state, as well as officers of a state agency sued in their official capacity, the doctrine of *Ex parte Young* provides a well-recognized exception. *Ex parte Young*, 209 U.S. at 149–56. The *Ex parte Young* doctrine permits certain claims to proceed against state officials in their official capacity, specifically "claims seeking prospective injunctive relief . . . to remedy a state's ongoing violation of federal law." *Arizona Students' Ass'n ("ASA") v. Arizona Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (citing *Ex parte Young*, 209 U.S. at 149–56. To determine whether the *Ex parte Young* doctrine is applicable, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Public Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002). "[T]he plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue." *ASA*, 824 F.3d at 865; *see also Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 724 (9th Cir. 2022) (genuine issue of material fact existed as to whether school district's "ongoing policy barring future field trips" was sufficient ongoing violation of federal law).

As an initial matter, Defendants begin with a general argument that Plaintiff failed to allege *ongoing* conduct in counts two, four, and five, not that the conduct constitutes an ongoing *violation of federal law*. Defendants separately argue that Plaintiff failed to allege facts sufficient to state a claim for conspiracy in counts four and five, which the Court will discuss below in Section III.C. Accordingly, the Court will focus its analysis here on examining only whether Plaintiff sufficiently alleges ongoing conduct in the SAC.

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE
4

1  The Court previously found the FAC devoid of facts alleging ongoing conduct. Second
2  Order 7–8. Plaintiff's allegations in the FAC centered on discrete past actions, and the only
3  instance where Plaintiff alleged ongoing conduct was in a recitation of the law—"The [Individual]
4  Defendants are liable in their official capacities for this claim, due to an ongoing and continuing
5  violation of Federal Laws." FAC ¶ 63.

Now, the SAC contains the following new allegations:

Count Two

- "The First, Second and Third Defendants, by ignoring and sidestepping the rigid provisions of the Merit System Rules, engaged in an ongoing violation of federal laws, relating to prevention of racially motivated employment practices." *Id.* ¶ 62.

- "However, at all times material to this lawsuit, the Defendants engaged in an ongoing, deliberate and methodical practice of ignoring the msr and instead selected candidates, based on racial preferences and favoritism." *Id.* ¶ 67.

- "These practices continue to date and are ongoing within the SCCOE establishment." *Id.* ¶ 69.

- "By engaging in *an ongoing and serial manipulation of the msr*, the Second and Third Defendants are liable in their official capacities for this claim . . . " *Id.* ¶ 71 (new allegation emphasized).

Count Four

- "Contrary to law, the Second and Third Defendants deliberately engaged in ongoing acts which are calculated to deprive Plaintiff of civil rights guaranteed by the US Constitution." *Id.* ¶ 89.

- "*The individual Defendants, as part of their ongoing and continuous covert and overt agreements to deprive Plaintiff and other similarly situated Black employees of the SCCOE, their civil rights, took the following steps, in furtherance of their ongoing unlawful agreements*:
  (a) Scheming against and excluding Plaintiff and other Black American employees of the SCCOE from gaining promotions.
  (b) Organizing meetings or telephonic conferences, during which schemes were concocted and perfected to manipulate the selection and hiring processes at the SCCOE to favor white candidates.
  (c) Covertly and overtly instructing oral board panel members to favor white candidates in their ranking scores.
  (d) Manipulation of the msr to favor white candidates.
  (e) Scheming, either covertly or overtly, to deny black employees of the SCCOE equal protection of the laws.

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

5

      (f) Formulation of a hours long "written test" for the Director III, DBAS position, in May 2021, which had never occurred prior to then, in order to give white candidates an unfair advantage.
      (g) Agreeing, either covertly or overtly, to deprive Plaintiff (and other similarly situated African American employees of the SCCOE), of constitutional rights." *Id.* ¶ 101 (new allegations emphasized).

- "The acts and or omissions of the Second and Third Defendants, listed above, which are still ongoing, were the causative factor that caused Plaintiff to suffer monetary damages." *Id.* ¶ 103.

Count Five

- "As part of an ongoing, carefully orchestrated plan to promote only white or fairer skin tone employees of the SCCOE, the Second and Third Defendants, while acting in concert and in a deliberate and carefully orchestrated plan, effected the selection of a white candidate, Susan, instead of a black candidate, the Plaintiff: into the Interim Director position and the permanent Director III, DBAS position between May 2021 and August 2021, thereby violating federal laws." *Id.* ¶ 113.

- "At all times material to this lawsuit, the Second and Third Defendants, met, agreed upon and took positive steps to put into fruition their ongoing plans . . . . " *Id.* ¶ 116.

- "At all material times, the aforesaid acts of the individual Defendants are ongoing and continue to date." *Id.* ¶ 117.

- "By aforesaid acts and or omissions, the individual Defendants maintains an ongoing practice of contravening the specific provisions of the msr (merit system rules)." *Id.* ¶ 118.

Assuming all facts to be true and viewing these allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has now sufficiently alleged ongoing conduct. The SAC alleges that Individual Defendants' current hiring practices manipulate or contravene the Merit System Rules to favor white candidates as part of an ongoing plan to exclude Plaintiff and other Black employees from gaining promotions. Further, while the Court notes that the relief sought— "a perpetual injunction, restraining the First, Second and Third Defendants from further violations of federal laws"—is vague and likely suffers enforcement deficiencies, the SAC nonetheless continues to seek prospective relief. *Id.*, at 17, ¶¶ 101, 116. The SAC also sufficiently alleges that the ongoing hiring practice and plan to promote only white or fair-skinned employees played a part in her being denied promotional opportunities in 2021 and continues to effectively "exclude

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

6

1  [Plaintiff] and other Black American employees of the SCCOE from gaining promotions at the

2  SCCOE." *Id.* ¶¶ 101, 116.  Of course, Plaintiff will ultimately bear the burden of proof as to

3  whether the conduct alleged in the SAC is ongoing.  However, at the pleading stage, the Court

4  finds that these allegations of ongoing conduct and prayer for prospective relief are sufficient to

5  survive a motion to dismiss on Eleventh Amendment immunity grounds.

6  Therefore, the Court **DENIES** Defendants' motion to dismiss count two as to Individual

7  Defendants.  Defendants raise additional challenges to counts four and five that the Court will

8  discuss below in Section III.C.

### B.     Eleventh Amendment Immunity as to SCCOE in Count Three

10  Defendants next argue that Plaintiffs' new FEHA claim against SCCOE must be dismissed

11  because California has not waived its immunity to FEHA actions in federal Court.  The Court

12  agrees.  County Offices of Education in California are considered arms of the state, and the Ninth

13  Circuit has found that California has not waived its immunity to FEHA suits in federal court.  *See,*

14  *e.g., Sato v. Orange Cnty. Dep't of Educ.,* 861 F.3d 923, 934 (9th Cir. 2017).

15  Therefore, the Court **GRANTS** Defendants' motion to dismiss count three without leave to

16  amend.  *See Lopez*, 203 F.3d at 1127.  Defendants' motion to strike count three is accordingly

17  **TERMINATED AS MOOT.**

### C.     Conspiracy Claim

19  As the Court stated in its Prior Orders, to establish a conspiracy claim under 41 U.S.C. §

20  1983, a plaintiff must show "(1) the existence of an express or implied agreement among the

21  defendant officers to deprive [her] of [her] constitutional rights, and (2) an actual deprivation of

22  those rights resulting from that agreement." *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010).

23  For conspiracy claims under Section 1985(e), the elements are similar but ultimately different:

24  "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an

25  act in furtherance of the conspiracy; and (3) a resulting injury." *I.H. by & through Hunter v.*

26  *Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017) (quoting *Addisu v. Fred Meyer,*

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE
7

*Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000)).

In the Second Order, the Court found that the FAC included statements the Court previously found absent from the original complaint, i.e., allegations that Individual Defendants were "acting in concert," "colluded," and "gathered at a location yet to be identified," and that Individual Defendants "took acts in furtherance of the conspiracy" to deny Plaintiff the promotions. Second Order 12. However, Plaintiff still had not provided sufficient facts to support these legal conclusions. *Id.*

Now, Plaintiff alleges the following additional[3] facts relevant to a claim of conspiracy. Individual Defendants, and potentially others, met between May 2021 and August 2021 at an unknown location. SAC ¶¶ 105, 106, 113, 114. Defendant Gomez was the Director of Business Operations, and Defendant Perry was the Human Resources Analyst. *Id.* ¶ 88. During this meeting, Individual Defendants "agreed and concocted an elaborate scheme in which Black employees, including Plaintiff, would be sidelined for promotional opportunities within the SCCOE, while White or fairer skinned employees would be selected for promotional positions." *Id.* ¶ 90. In furtherance of this agreement, Individual Defendants promoted a white person into two positions for which Plaintiff had applied in 2021: the Interim Director position and the Director III position. *See id.* ¶¶ 90, 105, 106, 113, 114. Defendant Gomez was on the oral board panel that interviewed candidates for this position, and Defendant Perry signed off on and approved the chosen candidate. *Id.* ¶¶ 60, 108. Perry notified Plaintiff that she was not selected for the position due to a lack of leadership skills, and Gomez later similarly told Plaintiff that she had no leadership skills. *Id.* ¶¶ 38, 110. Plaintiff had been in a leadership position for the entirety of her employment spanning over three decades. *Id.* ¶ 38. The white employee chosen for the promotions held a less senior role than Plaintiff, received an interview score below Plaintiff, and had a shorter employment history with unrelated work experience. *Id.* ¶¶ 93–94, 99–101. Plaintiff

---

[3] While some of these facts were also alleged in the FAC, the Court discusses them in tandem with the new facts alleged in the SAC to provide the entire context of Plaintiff's conspiracy claim.

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE

8

alleges that Individual Defendants' agreement to promote only white or fair-skinned employees is ongoing and is preventing her and other Black employees from receiving promotions. *Id.* ¶¶ 101, 116, 117.

Assuming all facts to be true and viewing these allegations in the light most favorable to Plaintiff, the Court finds these allegations sufficient to meet Plaintiff's pleading standard. Defendants' only argument here is that Plaintiff's allegations remain conclusory and fail to "provide facts – who, what, when, or where – to support these conclusory claims." Mot. to Dismiss 6. The Court disagrees. The SAC now contains facts to allege the "who"—Individual Defendants and potentially others; the "what"—met and agreed to promote a less-qualified white candidate instead of a Black candidate as part of an ongoing plan to promote only white and light-skinned employees; and the "when"—sometime between May 2021 and August 2021. Plaintiff also alleges that Individual Defendants carried out their plan by using their positions in the hiring process to promote a less-qualified white applicant instead of Plaintiff. Facts to support Plaintiff's allegation that Individual Defendants worked together include allegations that they separately informed her at different times that she did not receive the promotions because she lacked leadership skills.

As the Court previously indicated, Plaintiff will ultimately need to prove each element of her conspiracy claims; but for these purposes, the Court finds that Plaintiff has pled enough facts to "meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199.

Therefore, the Court **DENIES** Defendants' motion to dismiss counts four and five.

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. Plaintiff may proceed with counts one, two, four, and five. Count three is dismissed with prejudice. Defendants' motion to strike is **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

Dated: March 14, 2025

                                      EDWARD J. DAVILA
                                      United States District Judge

Case No.: 22-cv-02128-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS; TERMINATING MOT. TO STRIKE